UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE ELIJAH JONES,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>OCEANSIDE POLICE DEPARTMENT AND VISTA SUPERIOR COURT,<br><br>　　　　　　　　　Respondents. | Case No.: 25cv1091 BEN (BLM)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

　　　Wayne Elijah Jones ("Petitioner"), a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.[1] (ECF No. 1.) For the reasons discussed below, the Petition is dismissed without prejudice.

---

[1] While the instant Petition was sent to this district (*see* ECF No. 1 at 17), Petitioner has captioned the Petition form to the United States Supreme Court. (*See id.* at 1.) In his supplemental materials, Petitioner also appears to at one point request this Court file his "case against" the Supreme Court. (*See* ECF No. 1-3 at 29.) Given the instant Petition was sent to this Court, and a cursory review of the supplemental materials reflects Petitioner previously sent other materials to the Supreme Court for filing (*see* ECF No. 1-4 at 30), the Court will construe the instant Petition as one intended for filing in this Court as a federal habeas petition filed under 28 U.S.C. § 2254 against the named Respondents (*see* ECF No. 1 at 1), as the Petition has been docketed.

1

## FAILURE TO SATISFY FILING FEE REQUIREMENT

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis.[2] The Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. *See* R. 3(a), Rules Governing Section 2254 Cases (2019).

## FAILURE TO NAME A PROPER RESPONDENT

In addition, Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996), citing R. 2(a), Rules Governing Section 2254 Cases (2019). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.*, quoting R. 2(a), Rules Governing Section 2254 Cases (2019), 28 U.S.C. foll. § 2254 advisory committee's note. Here, Petitioner has incorrectly named "Oceanside Police Department" and "Vista Superior Court" as Respondents. (ECF No. 1 at 1.) In order for this Court to entertain the Petition, Petitioner must name the warden in charge of the state correctional facility in which he is presently

---

[2] The Court notes that among Petitioner's supplemental materials are copies of what appears to be an affidavit or declaration in support of an application to proceed in forma pauperis submitted to the United States Supreme Court in connection with a petition for a writ of certiorari, which is date stamped as received in the Supreme Court on March 5, 2025. (*See* ECF No. 1-3 at 17-24.) Even to the extent the Court were inclined to construe those documents as a motion to also proceed in forma pauperis in this Court, Petitioner is required to provide this Court with a trust account statement for the six-month period prior to filing his habeas corpus petition. *See* 28 U.S.C. § 1915(a). Because Petitioner has not done so, any such application would be incomplete and subject to denial on that basis.

confined or the Director of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

In accordance with Rule 4 of the Rules Governing § 2254 cases, Petitioner has also failed to allege that his state court conviction or sentence violates the Constitution of the United States or laws or treaties of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, Petitioner fails to allege he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). Petitioner indicates that the instant Petition concerns "a conviction," "a sentence," "jail or prison conditions," "parole," "credits", "prison discipline," "a violation of the Racial Justice Act under Penal Code section 745(a)," as well as "Other," indicating "Failure to Challenge Withholding of Evidence; Brady Material vs. Maryland, 343 U.S. 83 (1963)." (*See* ECF No. 1 at 3.) However, Petitioner does not appear to clearly articulate any grounds for federal habeas relief in the Petition. First, Petitioner indicates he is currently incarcerated for a 2022 judgment of conviction for murder. (*See id.* at 3.) Yet, on the space provided on the habeas form for the first ground for relief, Petitioner asserts a myriad of general contentions

accompanied by case citations alleging a "failure to challenge withholding of evidence," "failure to cite relevant case law and call out prosecutorial misconduct," "failure to challenge search warrant execution" and failure to address double jeopardy concerns," (*id.* at 5), but he does not appear to contend, much less explain how, those asserted violations relate to his murder conviction. While lacking coherence and rather difficult to understand, Petitioner instead appears to allege that the enumerated violations occurred in relation to a 2015 attack on him by the Oceanside Police Department, a later break-in of his storage unit by employees of the storage facility, the police department's subsequent failure to effectively respond and the police department's 2018 towing of his van. (*Id.*) Meanwhile, in other portions of the pages attached to the Petition, Petitioner appears to outline general information and rules about matters including but not limited to grand jury proceedings, motions to suppress evidence in such proceedings, the use of hearsay, libel, defamation, and motions to dismiss an indictment. (*See id.* at 4, 6, 12, 14, 16.)

Upon review, Petitioner's claims are not cognizable on habeas because it is unclear how they challenge the constitutional validity or duration of his confinement.[3] *See* 28 U.S.C. § 2254(a).

---

[3] To the extent Petitioner is also attempting to challenge his conditions of confinement in the instant Petition (*see e.g.* ECF No. 1 at 2, 7, 15; ECF No. 1-2 at 3-10), a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is not the proper vehicle for such contentions. Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-500 (1973). "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500. On the other hand, "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 499. Thus, any such claims concerning Petitioner's conditions of confinement are not cognizable on habeas because it is unclear how they challenge the constitutional validity or duration of his confinement. *See* 28 U.S.C. § 2254(a); *Preiser*, 411 U.S. at 500; *Heck*

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Ordinarily, to satisfy the exhaustion requirement, a petitioner "'must fairly present[]' his federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (emphasis added).

Petitioner does not allege that he raised the claims he wishes to present here in the California Supreme Court. (*See generally* ECF No. 1.) Petitioner indicates that he has previously sought review in the California Supreme Court concerning issues including "Civil Rights," "Constitutional Rights," Condition of Disclosures," "Privacy Rights," and "Racial Justice Act" (*see id.* at 7), but he does not indicate that any such pleading or pleadings contained the claim or claims he wishes to present in this Court. If Petitioner has raised his claims in the California Supreme Court, he must so specify.

---

*v. Humphrey*, 512 U.S. 477, 480-85 (1994); *see also Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc). To the extent Petitioner wishes to challenge the conditions of his confinement, he must file a new civil rights action pursuant to 42 U.S.C. § 1983, which will be given a new case number.

      Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

      The statute of limitations does not run while a properly filed state habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.").  However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

      Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ."  R. 4, Rules Governing Section 2254 Cases (2019).  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

///

## CONCLUSION AND ORDER

For the foregoing reasons, the Petition is **DISMISSED** without prejudice. If Petitioner wishes to re-open and proceed with his habeas case by challenging the fact or duration of his confinement, Petitioner must submit, no later than **July 1, 2025**, a copy of this Order along with **BOTH**: (1) a completed First Amended Petition form that cures the pleading deficiencies outlined in the instant Order **and** (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee. *The Clerk of Court is directed to send Petitioner a blank 28 U.S.C. § 2254 Amended Habeas Petition form and a blank In Forma Pauperis Application together with a copy of this Order.*

**IT IS SO ORDERED.**

Dated: _May 5, 2025_

_____
Honorable Roger T. Benitez
United States District Judge