1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10
11

WAYNE ELIJAH JONES,

Case No.: 25cv1091 BEN (BLM)

12

Petitioner,

13

v.

14

VISTA COURT ROOM-23 and JOHN
DOE ATTORNEY GENERAL,

15
16

Respondents.

**ORDER: (1) DENYING MOTION TO
PROCEED IN FORMA PAUPERIS
AND (2) DISMISSING FIRST
AMENDED PETITION WITHOUT
PREJUDICE**

**[ECF No. 4]**

17
18

On April 25, 2025, Wayne Elijah Jones ("Petitioner"), a state prisoner proceeding

19

pro se, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  (ECF No. 1.)

20

On May 5, 2025, the Court dismissed the habeas action for failure to satisfying the filing

21

fee requirement, failure to state a cognizable federal claim, and failure to allege exhaustion

22

of state judicial remedies and directed that in order to reopen and proceed with the instant

23

case, Petitioner must submit, no later than July 1, 2025, both a First Amended Petition

24

which cured those pleading deficiencies along with either the $5.00 filing fee or adequate

25

proof of Petitioner's inability to pay the fee.  (ECF No. 2 at 7.)  On May 13, 2025, Petitioner

26

filed a First Amended Petition along with a motion for leave to proceed in forma pauperis.

27

(ECF Nos. 3-4.)   For the reasons discussed below, the Court **DENIES** the motion to

28

proceed in forma pauperis and **DISMISSES** the First Amended Petition without prejudice.

## MOTION TO PROCEED IN FORMA PAUPERIS

A motion to proceed in forma pauperis made by a state prisoner must not only include an affidavit with a statement of all assets showing an inability to pay the $5.00 filing fee, but must also include "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."  R. 3(a)(2), Rules Governing Section 2254 Cases (2019); *see also* CivLR 3.2.  The motion must also "contain a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the suit or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."  CivLR 3.2; *see also* 28 U.S.C. § 1915(a)(2).

While Petitioner has submitted the required affidavit (*see* ECF No. 4 at 1-3), he has failed to provide the Court with the required prison certificate[1] and certified copy of his trust fund account statement.  (*See generally* ECF No. 4.) Because Petitioner has not provided the Court with the required financial information, the Court **DENIES** the motion to proceed in forma pauperis without prejudice to resubmission.

Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the instant case is subject to dismissal without prejudice.  *See* R. 3(a), Rules Governing Section 2254 Cases (2019).

## FAILURE TO NAME A PROPER RESPONDENT

In addition, Petitioner has again failed to name a proper respondent.  On federal habeas, a state prisoner must name the state officer having custody of him as the respondent.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996), citing R. 2(a), Rules Governing Section 2254 Cases (2019).  Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent.  *See id.*

---

[1] Petitioner has submitted an unsigned prison certificate in support of his motion, but that document also has a large "x" crossing over nearly its entirety.  (*See* ECF No. 4 at 7.)

The warden is the typical respondent.  However, "the rules following section 2254 do not specify the warden." *Id.*  "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'"  *Id.*, quoting R. 2(a), Rules Governing Section 2254 Cases (2019), 28 U.S.C. foll. § 2254 advisory committee's note.  Here, Petitioner has now incorrectly named "Vista Court Room-23" and "John Doe" Attorney General as Respondents.  (ECF No. 3 at 1.)  As previously noted, in order for this Court to entertain the instant Petition, Petitioner must name the warden in charge of the state correctional facility in which he is presently confined or the Director of the California Department of Corrections and Rehabilitation.  *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

In accordance with Rule 4 of the Rules Governing § 2254 cases, Petitioner has also again failed to allege that his state court conviction or sentence violates the Constitution of the United States or laws or treaties of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added).  *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2254(a).

///

25cv1091 BEN (BLM)

Here, Petitioner again fails to allege he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). Petitioner indicates that the instant Petition concerns his 2022 San Diego County Superior Court conviction for first-degree murder (*see* ECF No. 3 at 1-2), but he again does not appear to clearly articulate any grounds for federal habeas relief in the Petition. Instead, on the space provided on the habeas form for the first ground for relief, Petitioner offers only a general case citation to a California Appellate Court case accompanied by a description of a 2019 case in which an individual was charged with second degree burglary with allegations of prior serious or violent felony convictions. (*Id.* at 6.) Petitioner does not assert any constitutional violation, nor does he explain whether or how the case citation or description provided relates to the murder conviction he is challenging. Similarly, with respect to ground two, Petitioner again cites to a California state court case and general history from that same case, but he again fails to allege any constitutional violation in his own case, much less explain whether or how that case relates to his murder conviction. (*Id.* at 7.) As to ground three, Petitioner cites to general information concerning the assistance and substitution of appointed counsel as well as federal case law concerning the Armed Career Criminals Act, but yet again, he fails to explain whether or how this relates to his conviction. (*Id.* at 8.) Finally, with respect to ground four, Petitioner cites to California cases and publications concerning anti-Slapp motions, but he again fails to offer any explanation how this potentially relates to the conviction he challenges here. (*Id.* at 9.)

Upon review, Petitioner's claims are not cognizable on habeas because it is unclear how they challenge the constitutional validity or duration of his confinement. *See* 28 U.S.C. § 2254(a).

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court

with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Ordinarily, to satisfy the exhaustion requirement, a petitioner "'must fairly present[]' his federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).

Petitioner has also again failed to clearly allege that he raised each of the claims he wishes to present here in the California Supreme Court. (*See generally* ECF No. 3.) Petitioner now appears to indicate that he raised three of the four grounds presented in the instant Petition in the California Supreme Court, as he has checked "yes" on the relevant box on the habeas form (*see id.* at 6-8), but he has not checked either yes or no as to ground four. (*See id.* at 9.) Even so, as to all four grounds presented, Petitioner indicates he raised those claims in a "criminal" proceeding, providing the case number of SCN-409451 and stating variations of "unfiled" or "N.A." as the result of that proceeding. (*See id.* at 6-9.) On a different portion of the habeas form, Petitioner also indicates that this same case number relates to a "criminal" proceeding he filed in both the California Superior Court and in the California Supreme Court and that the result in the state supreme court was "unfiled at the time, but was given a stay." (*Id.* at 2-3.) Meanwhile, Petitioner indicates that the nature of his habeas proceeding in the California Supreme Court was "Criminal & Civil Petition in U.S. District Court Southern District of California." (*See id.* at 4.)

Accordingly, it remains altogether unclear whether Petitioner has actually raised each of his four claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court, he must so specify.

///

Further, the Court again cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## CONCLUSION AND ORDER

For the foregoing reasons, the Court **DENIES** the motion to proceed in forma pauperis and **DISMISSES** the First Amended Petition without prejudice. If Petitioner wishes to re-open and proceed with his habeas case by challenging the fact or duration of his confinement, Petitioner must submit, no later than **July 15, 2025**, a copy of this Order along with **BOTH**: (1) a completed Second Amended Petition form that cures the pleading deficiencies outlined in the instant Order **and** (2) either the $5.00 fee or adequate proof of

Petitioner's inability to pay the fee. ***The Clerk of Court is directed to send Petitioner a blank 28 U.S.C. § 2254 Amended Habeas Petition form and a blank In Forma Pauperis Application together with a copy of this Order.***

**IT IS SO ORDERED.**

Dated: May 16, 2025

Honorable Roger T. Benitez
United States District Judge

7

25cv1091 BEN (BLM)